# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40772
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLAMIDE OLATAYO BELLO,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-136-1

———————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

A jury convicted Olamide Olatayo Bello of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1343, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1957. The district court sentenced him to a total of 293 months of imprisonment and three years of supervised release. At the sentencing

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

hearing, the district court ordered restitution but deferred the determination of the amount for 90 days. Bello's appeal from the initial judgment was dismissed for failure to prosecute, and his motions to reopen and for reconsideration were denied. The district court later issued an amended judgment imposing $3,567,903 in restitution.

Bello now appeals from the amended judgment. The amended judgment was entered on October 28, 2025, and Bello filed his Notice of Appeal on November 26, 2025—twenty-nine days later. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment or the order being appealed[.]" FED. R. APP. P. 4(b)(1)(A)(i). As Bello filed his notice of appeal too late, we DISMISS Bello's appeal from the amended judgment as untimely and DENY all pending motions as moot.

However, "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)." FED. R. APP. P. 4(b)(4). Bello moved the district court to accept his late-filed notice of appeal, but the court summarily denied his request without any findings on the presence or absence of "excusable neglect or good cause." Bello separately appealed that denial, which we consolidated into this case.

We have previously required district courts to articulate whether "excusable neglect or good cause" exist in these circumstances. We therefore REMAND and order the district court to determine whether excusable neglect or good cause justify extending Bello's time to file a notice of appeal from the amended judgment. *See, e.g.*, *United States v. Rodriguez*, 308 F. App'x 766, 767 (5th Cir. 2009) (per curiam) ("[W]e retain jurisdiction

over this appeal but remand to the district court for the limited purpose of determining whether excusable neglect or good cause warrants the extension of Rodriguez's filing deadline such that her notice of appeal is timely.").

Appeal from amended judgment DISMISSED; all pending motions DENIED as moot; appeal from motion to accept late notice of appeal REMANDED for further proceedings consistent with this opinion. We retain jurisdiction.